UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

MARCUS PRICE,

           Defendant.

No. CR-01-149-FVS

ORDER

**THIS MATTER** is before the Court on Mr. Price's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, Ct. Rec. 36, and his Motion Requesting the Sentencing Transcript and Docket Sheet, Ct. Rec. 34. Mr. Price is acting *pro se* in this matter. The United States is represented by Assistant United States Attorney Thomas Rice. The Court has reviewed the entire file, including the pleadings submitted by both parties, and is now prepared to rule.

**BACKGROUND**

On October 22, 2002, the Court sentenced the defendant based on his plea of guilty to the offense of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, the defendant stipulated to being a career offender pursuant to U.S.S.G. § 4B1.1. Based on that stipulation, the government and the defendant stipulated that the defendant's base offense level was 32. The Court found that under the laws and

ORDER - 1

provisions of the sentencing guidelines, the defendant was a career offender, resulting in a base offense level of 32.  The Court granted a three level reduction for acceptance of responsibility and timely entrance of a guilty plea.  After adjustments were made, the defendant had an adjusted offense level of 29.  The Court determined that the defendant's guideline range was 151-188 months imprisonment. The Court sentenced the defendant to 151 months imprisonment.  The defendant did not appeal his sentence.  He now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

**RULING**

**A.  Grounds for Relief**

The defendant asserts four claims in his § 2255 petition: (1) ineffective assistance of counsel; (2) entrance of a plea that was not knowingly and voluntarily made; (3) breach of the plea agreement; and (4) violation of his Speedy Trial rights as provided by 18 U.S.C. § 3161(b).

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or law of the United States, (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law.

**B.  Effect of not Filing an Appeal**

In raising a number of issues as the basis for relief under § 2255, the defendant must overcome the fact that he did not file a direct appeal following the imposition of his sentence.  The Supreme

ORDER - 2

Court has "strictly limited the circumstances under which a plea of guilty may be attacked on collateral review." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998).  The Supreme Court has held that "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. *Id.* (quoting *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984) (footnote omitted)).  The Court has further held that "even the voluntariness and intelligence of a guilty plea can be attacked only if first challenged on direct review." *Id.* at 614, 118 S.Ct. at 1610.  Here, the defendant did not contest his sentence or the validity of his plea on appeal.  In failing to appeal, the defendant procedurally defaulted on his claims that his guilty plea was not knowingly and voluntarily waived and that the United States breached the plea agreement.

Given that the defendant procedurally defaulted on these claims by not seeking direct review, the "claim[s] may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.' *Bousley*, 523 U.S. at 622, 118 S.Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496, 106 S.Ct. 2639, 2643-2644, 2649-2650, 91 L.Ed.2d 397 (1986).  Here, the defendant contends that he did not appeal the Court's judgment in this case because his "counsel would not remotely consider direct review or appeal the matter." Ct. Rec. 36 at 15.  As to the charges on which he was convicted, "[t]he Petitioner Price 'concedes' guilt to the July 20, 2001 sale of a twenty dollar rock."

ORDER - 3

Ct. Rec. 36 at 18.  Given this concession, claims raised by the defendant are only proper in this habeas petition if the defendant can show cause and actual prejudice.  If, as the defendant contends, no direct review was sought because defense counsel would not do so, then the defendant's § 2255 motion is an appropriate forum for the claims which should have otherwise been raised on direct review.

### C.  Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)) (internal question marks omitted).  To satisfy the first prong, counsel's performance must have been "outside the wide range of professionally competent assistance." *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066) (internal quotation marks omitted).  Under the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068 (internal quotation marks omitted).

The defendant raises a number of arguments regarding the deficiency of his counsel's performance, but these arguments appear to reduce down to two main arguments.  First, the defendant argues

ORDER - 4

that his counsel was deficient in allowing the defendant to stipulate to qualifying as a career offender, which resulted in an enhanced sentence. Second, the defendant argues that his counsel provided ineffective assistance because counsel would not appeal the sentence handed down by the Court. The defendant's first argument is best discussed in concert with his claim that he did not voluntarily and intelligently plead to being a career offender, and as such, it will be discussed below.

The defendant's second argument, that his counsel would not consider appealing his sentence, is given careful consideration by the Court. The Ninth Circuit recently dealt with this issue in the matter of *United States v. Sandoval-Lopez*, a case on appeal from the Eastern District of Washington. *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005).

In *Sandoval-Lopez*, the defendant petitioned for a writ of habeas corpus and alleged that he had wanted to appeal his sentence but his counsel refused to do so. *Id.* at 1195. After the district court denied the defendant's motion for relief, without an evidentiary hearing, the Ninth Circuit "granted a certificate of appealability limited to the question of whether defense counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to file a notice of appeal." *Id.* The Court held that ineffective assistance of counsel is rendered when a defendant tells his lawyer to appeal and the lawyer refuses. *Id.* at 1197 (finding that "it was deficient performance not to appeal and that [the defendant] was prejudiced" because he lost his opportunity to file an appeal). On

ORDER - 5

appeal, the Circuit Court concluded that the district court "need[ed] to hold an evidentiary hearing to determine whether [the defendant] really did tell his lawyer to appeal and his lawyer refused though [the defendant] demanded it." *Id.* at 1198.

Here, the defendant has made assertions that his counsel would not consider appealing and told him (the defendant) "that [he] didn't have anything coming and to just let it (the sentence) alone." Ct. Rec. 36 at 3. This claim by the defendant leaves the Court with two options. "The district court can hold an evidentiary hearing to decide whether [the defendant's] allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the United States does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.* at 1198. **The Court determines that the latter of the two options is appropriate in this case. The Court gives the United States the opportunity to object, if it so chooses, to vacation and re-entry of the judgment. If the government objects to such action, the Court will set the date for an evidentiary hearing.**

### D.  Plea to being a Career Offender

The defendant argues his counsel was ineffective in allowing the defendant to plead guilty to being a career offender. The defendant "concedes" his guilt to the offense for which he was charged and ultimately convicted, but argues that any plea of guilty to being a career offender was not voluntarily and intelligently made. The Court determines that the defendant's claim is without merit. A

ORDER - 6

defendant's status as a career offender is not a characterization to which a defendant can proclaim guilt or innocence.  This characterization was assigned to the defendant in this case because he met the requirements as set forth in the Sentencing Guidelines. U.S.S.G. § 4B1.1.  Furthermore, the defendant joined with the United States in the plea agreement and stipulated to being a career offender.  Ct. Rec. 27.  In addition, the Court made the ultimate finding that the defendant fell within the provisions of being a career offender.  This determination was based on the defendant's age at the time of the offense in question and prior criminal history. It was not based on a plea of guilt or innocence by the defendant.

The Court determines that the defendant's claim that he did not voluntarily and intelligently plead to being a career offender does not form the basis for § 2255 relief.

**E.  Breach of the Plea Agreement**

The defendant argues he is entitled to relief because the United States breached the plea agreement.  The defendant argues that in order to seek a sentence based on his status as a career offender the United States had to comply with the procedural requirements of 21 U.S.C. § 851.  Ninth Circuit precedent dictates that the defendant's argument lacks merit.  As the Ninth Circuit has previously stated:

> Section 851 applies when the government seeks to obtain the increased *statutory* penalties provided in 21 U.S.C. §§ 841-858, based upon certain qualifying prior convictions.  The career offender provision of the Guidelines, on the other hand, does not entail increasing the statutory penalties for the defendant's crime.  Rather, Guideline § 4B1.1 simply implements the mandate of 28 U.S.C. § 994(h) that the Sentencing Commission assure that certain career offenders receive sentences 'at or near the maximum term authorized' for their crime under existing federal statute.

ORDER – 7

*United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir. 1990) (emphasis in original). Here, the defendant was sentenced as a career offender under the Guidelines because he had at least two previous felony convictions involving controlled substance offenses. It was not necessary for the United States to comply with 21 U.S.C. § 851, because the United States was not seeking increased statutory penalties. In addition, and as was previously addressed, the defendant stipulated to being a career offender in the plea agreement. Even if such a stipulation had not been made, it was ultimately the Court's determination that the defendant should be characterized as a career offender for purposes of determining his sentence. Therefore, the United States did not breach the plea agreement it had reached with the defendant. The defendant's request for § 2255 relief is denied on this basis.

**F.  Violation of Rights under 18 U.S.C. § 3161(b)**

The defendant argues that he is entitled to § 2255 relief because of a violation of his rights under 18 U.S.C. § 3161(b). The defendant's argument seems to be that his rights were violated because he was not indicted within 30 days of the sale for which he was charged. The defendant's indictment was filed on September 25, 2001. Ct. Rec. 1. While this indictment was filed more than 30 days after the time of the sale, this was not a violation of the defendant's rights under 18 U.S.C. § 3161(b). The rights afforded to an individual by that statute are not implicated until an individual is arrested and arraigned on an indictment. Here, the defendant was arraigned within 30 days of his arrest, Ct. Rec. 4, and therefore,

ORDER - 8

his rights under 18 U.S.C. § 3161 were not compromised.  The
defendant's request for § 2255 relief is denied on this basis.

### G.  Motion Requesting Transcript and Docket Sheet

In a separate motion, the defendant requested a transcript from
his sentencing hearing and a copy of the docket sheet be provided.
Ct. Rec. 34.  A federal prisoner does not have an absolute right to a
trial transcript to assist him in preparation of a collateral attack
on his conviction.  *United States v. MacCollum*, 426 U.S. 317, 96
S.Ct. 2086, 48 L.Ed.2d 666 (1976).  In *MacCollum*, the Supreme Court
upheld the constitutionality of 28 U.S.C. § 753(f), which provides
that the trial court must certify that a claim to be raised in a
habeas proceeding under 28 U.S.C. § 2255 is "not frivolous and that
the transcript is needed to decide the issue presented" before
indigent defendants can obtain a free transcript.  *See also, United
States v. Van Poyck*, 980 F.Supp. 1180, 1111 n.2 (C.D.Cal. 1997)
(citing *United States v. Lewis*, 605 F.2d 379 (8th Cir. 1979) (holding
that constitutional requirements are met by providing transcripts to
prisoners preparing collateral attacks on their convictions only
after judicial certification that a transcript is necessary to decide
issues presented by a non-frivolous pending case) (citations
omitted)).

Here, a copy of the transcript from the sentencing hearing is
not necessary to decide the issues presented by the defendant's §
2255 motion.  The defendant filed his § 2255 motion and a lengthy
memorandum in support of his motion without the use of the sentencing
transcript.  As to the docket sheet, the defendant appears to have a

ORDER - 9

docket sheet that is current up until the filing of his § 2255 motion and the United States' response.  The Court determines that copies of the requested documents are not necessary in deciding the outcome of the defendant's motion.  The Court denies the defendant's motion for the sentencing transcript and docket sheet.

**CONCLUSION**

**Upon review of the entire record in this case, the Court determines further vacation and re-entry of judgment is the appropriate course of action in this case.  Absent objection from the United States, the previous judgment will be vacated and a new judgment entered.**  As to all other grounds raised for habeas corpus relief, the defendant has not demonstrated any error which would entitle him to such relief.  Additionally, the documents requested by the defendant are unnecessary for deciding the outcome in this case. Accordingly,

**IT IS HEREBY ORDERED:**

1.  Mr. Price's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, **Ct. Rec. 36**, is **denied in part; the Court reserves ruling on the issue of whether the defendant received ineffective assistance of counsel.**

2.  **The United States shall have 10 days from the entry of the order to file objections it has to vacation of the previous judgment and entry of a new judgment.**

3.  If the United States objects, the Court will set a date for an evidentiary hearing.

ORDER - 10

4.  Mr. Price's Motion Requesting the Sentencing Transcript and Docket Sheet, **Ct. Rec. 34,** is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to **counsel and the defendant.**

**DATED** this <u>23rd</u> day of August, 2005.


<u>    s/ Fred Van Sickle    </u>
Fred Van Sickle
United States District Judge

ORDER - 11