UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCUS PRICE,<br><br>    Defendant. | Nos. CR-01-0149-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE |

**THIS MATTER** came before the Court on Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 63). Assistant United States Attorney Thomas O. Rice represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

On July 8, 2002, Defendant pleaded guilty in a Rule 11(e)(1)(C) plea agreement. (ECF No. 27). The parties stipulated that Defendant was a career offender under the provisions of U.S.S.G. § 4B1.1 as a result of at least two prior felony convictions for drug trafficking offenses and agreed to a joint sentencing recommendation of 151 months. *Id*.

The parties stipulated in the plea agreement that Defendant's base offense level was 32 because he qualified as a Career Offender.

ORDER DENYING DEFENDANT'S MOTION . . . - 1

Thereafter, the Court applied a three-level reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  Based on an adjusted offense level of 29 and a criminal history category VI, Defendant's guideline range was 151-188 months incarceration.  On October 28, 2002, the Court sentenced Defendant to 151 months incarceration.

**DISCUSSION**

Defendant requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's Amendment 750 which has changed the Drug Quantity Table for offenses involving cocaine base (crack).

However, as discussed above, Defendant received a Career Offender enhancement pursuant to U.S.S.G. § 4B1.1 which gave him a base offense level of 32 and a Criminal History Category of VI.  The enhancement to a base offense level of 32 was not based on the quantity of drugs involved, but rather on Defendant being at least 18 years old at the time he committed the offense of conviction, the offense was a felony controlled substance offense, Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and the statutory maximum for the offense of conviction was "20 years or more."  *See* U.S.S.G. §4B1.1.

If an amendment to the guidelines does not change the original sentencing analysis, a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is properly denied.  *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).  Defendant's guideline range was based on his Career Offender enhancement.  Any new provisions for crack

cocaine do not have the effect of lowering Defendant's applicable guideline range.  Hence, a reduction of Defendant's sentence is not authorized under § 3582(c)(2).

The Court being fully advised, Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 63**) is **DENIED**.

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to Defendant and counsel for the Government.

**DATED** this   22nd   day of November, 2011.

                        S/Fred Van Sickle
                        Fred Van Sickle
                Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION . . . - 3